# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ALATORRE, JR,<br><br>                            Petitioner,<br>vs.<br>FIGAROA, Warden,<br>                            Respondent. | CASE NO. 13CV1622-JLS (MDD)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

    On July 11, 2013, Alberto Alatorre ("Petitioner") filed a Motion to Appoint Counsel. (ECF No. 4). In his Motion, Petitioner contends that the complexity of the case, as well as alleged correspondence with the state bar not presently before the Court, merits such appointment. *Id.*

    "Clearly, there is no constitutional right to counsel on habeas." *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But, "Section 3006A(g) provides that counsel may be appointed for an impoverished habeas petitioner whenever 'the court determines that the interests of justice so require'. . .." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), quoting, 18 U.S.C. § 3006A(g).

    "Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process

1  violations." *Chaney*, 801 F.2d at 1196.  "Under *Chaney* the absence or
2  ineffectiveness of counsel does not in and of itself constitute a due process
3  violation.  *Chaney* indicates only that discretion is abused when
4  appointment of counsel is 'necessary to prevent due process violations'
5  from occurring."  *Bonin*, 999 F.2d at 429 (Citations omitted).

6      Under certain circumstances, a due process violation might occur if
7  the issues involved are too complex for the habeas petitioner.  *Bonin*, 999
8  F.2d at 429 ("In some complex cases where the district court abused its
9  discretion in not appointing counsel under *Chaney*, a due process
10 violation may occur on habeas.").  The Court "should consider the legal
11 complexity of the case, the factual complexity of the case, the petitioner's
12 ability to investigate and present his claim, and any other relevant
13 factors."  *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

14     Here, Petitioner has neither demonstrated that he is unable to
15 effectively litigate his case, nor that appointment of counsel is necessary
16 to prevent a violation of due process.  Accordingly, Petitioner's Motion is
17 DENIED without prejudice.

19 DATED: July 17, 2013

21                                             /s/ Mitchell D. Dembin
22                                           Hon. Mitchell D. Dembin
                                          U.S. Magistrate Judge