| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ALATORRE,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN FIGAROA,<br>Tallahatchie County Correctional<br>Facility, Tutwiler, Mississippi,<br><br>  Respondent. | CASE NO. 13cv1622-JLS (MDD)<br><br>REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Alberto Alatorre ("Petitioner") a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Warden Figaroa ("Respondent"), filed a Motion to Dismiss the Petition as untimely under 28 U.S.C. § 2244(d)(1)(D). (ECF No. 15). For the reasons stated below, the Court RECOMMENDS Respondent's Motion to Dismiss be GRANTED.

## **Summary of Proceedings**

Petitioner was convicted by a jury in San Diego County of five counts of robbery under Cal. Penal Code § 211 on June 9, 2010. The jury also found that Petitioner personally used a firearm in committing three of the robberies under Cal. Penal Code § 12022.53(b). Petitioner was sentenced and currently is serving a prison term of twenty years and four months for these offenses.

Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate district, Division One in case D057881.  The court affirmed the convictions on December 19, 2011.  (Lodg. 6).  Petitioner subsequently appealed to the California Supreme Court and asserted the same claims presented to the California Court of Appeal.  On March 14, 2012,the state supreme court denied the appeal without citation. (Lodg. 8).  Petitioner's conviction became final on June 12, 2012, following the expiration of the ninety-day period to file a petition for writ of certiorari pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a petition for a writ of habeas corpus in the state court.  On July 3, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court. (ECF No. 1).  The Petition asserts the same claims that were considered and rejected on direct appeal.  Respondent filed the instant Motion to Dismiss on November 20, 2013. (ECF No. 15).  Petitioner requested and received two extensions of time to file an opposition to the motion to dismiss.  (ECF Nos. 19, 23).  Petitioner's third motion for extension of time, filed on May 19, 2014, included Petitioner's explanation regarding why his Petition was not filed timely.  (ECF No. 26).  Consequently, the Court denied the request for an extension and construed the motion as a response in opposition to Respondent's Motion to Dismiss.  (ECF No. 27).  Respondent filed a reply. (ECF No. 28).  The sole issue before the Court, at this juncture, is whether the Petition must be dismissed as untimely.

## Standard of Review

Inasmuch as the Petition was filed after the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 1214 (1996), the provisions of AEDPA apply to this case.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Under AEDPA, a state prisoner generally must file a federal petition for habeas corpus within one year of the underlying judgment becoming final. The relevant provisions are located at 28 U.S.C. § 2244(d), which states as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects that Petitioner did not seek review in the United States Supreme Court following the denial of his direct appeal by the California Supreme Court on March 14, 2012.  Accordingly, for AEDPA purposes, the process of direct review of Petitioner's conviction concluded on June 12, 2012, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The limitations period for seeking federal habeas relief expired one year later, on June 12, 2013. *See* 28 U.S.C. § 2244(d).  Unless tolling applies, the instant Petition, filed on July 3, 2013, is time barred.

## Discussion

Respondent's Motion to Dismiss asserts the Petition for Writ of Habeas Corpus is barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d)(1). (ECF No. 15). Respondent claims that the instant Petition is untimely because Petitioner did not properly file his petition until July 3, 2013, twenty-four days beyond the expiry of the limitations period. (*Id.*) Petitioner does not dispute that the statute of limitations period expired on June 12, 2013, but claims that he is entitled to relief due to extraordinary circumstances.

Respondent contends that Petitioner is not entitled to "statutory tolling" under AEDPA because there were no state court petitions pending and that Petitioner is not entitled to "equitable tolling" because Petitioner has failed to show that some extraordinary circumstance prevented him from filing timely. (*Id.*)

Petitioner has not suggested that he is entitled to statutory tolling. Petitioner asserts that he is entitled to equitable tolling due to extraordinary circumstances that were the "but-for and proximate cause of his untimeliness." (P. Opp. at 2).

### 1. **Equitable Tolling**

"Federal courts recognize that the AEDPA statute of limitations may be equitably tolled in certain circumstances." *Holland v. Florida*, 560 U.S. 631, 643 (2010). The Ninth Circuit has held the AEDPA's one-year statute of limitations is subject to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). The extraordinary circumstances must be the reason for the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003);

*Bryant v. Ariz. Atty Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence.") "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). "[E]quitable tolling is unavailable in most cases." *Miles,* 187 F.3d at 1107.

Petitioner asserts that his petition was filed late because he was waiting for documents from the California State Bar regarding any disciplinary action taken against the prosecutor in his case. (ECF No. 26 at 1). Petitioner argues that the documents from the state bar are the "key evidence" to prove his attorney misconduct claim and "without them it would be harder to prove." (*Id.* at 2). Based on these facts, Petitioner contends the court should find equitable tolling applies in this case pursuant to *Holland v. Florida*, 560 U.S. 631 (2010).

Respondent argues that Petitioner's claim of waiting for evidence from the state bar is insufficient for equitable tolling. (ECF No. 28 at 2). Specifically, Respondent asserts "[a]rguing that some new evidence might have a bearing on a claim raised in the federal Petition, which claim was raised on direct appeal and resolved against Petitioner based on the record, is insufficient to show that some extraordinary circumstance prevented Petitioner form (sic) filing a federal petition in a timely manner." (*Id.* at 4). As noted by Respondent, the claims in the instant Petition are the same as those raised on direct review in the state court. (ECF No. 1). "On direct appeal in the California courts, Petitioner claimed the prosecutor committed prejudicial misconduct during closing argument. . . ." (ECF No. 28 at 2). According to Respondent, the evidence

Petitioner relies on here has no bearing on the claim of prosecutorial misconduct that can be readily disposed of from the record. (*Id*.).

*Holland v. Florida* does not support Petitioner's claim for relief. The Court in *Holland* held that "[a] petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (citing *Pace v. Digulielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). "[C]ircumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id*. "The petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." *Porter v. Ollison*, 620 F.3d 952, 957 (9th Cir. 2010).

Petitioner carries the burden to affirmatively prove his entitlement to equitable tolling. The Court finds that Petitioner had sufficient facts to file a habeas petition before the expiration of the one-year statute of limitations. Petitioner's claim to equitable tolling appears limited to the delay in receiving documents from the state bar regarding unrelated misconduct allegations against the prosecutor in Petitioner's case. (ECF Nos. 18, 20, 22 and 26). This is not a "rare and exceptional" circumstance warranting equitable tolling. Petitioner could have prepared a basic habeas petition and filed it to satisfy the AEDPA deadline and then sought to amend his petition when he received more information. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) ("If diligent, [Petitioner] could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . .")

Petitioner has not carried his burden of establishing that he is entitled to equitable tolling. His Petition is barred by AEDPA's statute of limitations. Accordingly, it is RECOMMENDED that Respondent's

1 | Motion to Dismiss be GRANTED.

2 | **2.    Request for Evidentiary hearing**

3 | "A habeas petitioner...should receive an evidentiary hearing when
4 | he makes 'a good-faith allegation that would, if true, entitle him to
5 | equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2003)
6 | (internal citations omitted).  Because Petitioner has failed to allege
7 | sufficient facts that would entitle him to equitable tolling, if found to be
8 | true, he has not shown that he is entitled to an evidentiary hearing. *See*
9 | *Roberts v. Marshall*, 627 F.3d 768 (9th Cir. 2010). ("District courts have
10 | limited resources (especially time), and to require them to conduct
11 | further evidentiary hearings when there is already sufficient evidence in
12 | the record to make the relevant determination is needlessly wasteful.").

13 | An evidentiary hearing is not required in this case.  Accepting the
14 | facts alleged by Petitioner as true, the allegations do not entitle him to
15 | equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "In
16 | short, ...[this case] does not present the extraordinary circumstance
17 | beyond the party's control where equity should step in to give the party
18 | the benefit of his [error]. . . ." *Harris v. Hutchinson*, 209 F.3d 325, 331
19 | (9th Cir. 2000).

20 | **Conclusion**

21 | IT IS HEREBY RECOMMENDED that the Court issue an Order:
22 | (1) Approving and adopting this Report and Recommendation; (2)
23 | Granting Respondent's Motion to Dismiss as set forth herein; and (3)
24 | Directing that judgment be entered dismissing the Petition for failure to
25 | file within the one-year statute of limitations set forth in 28 U.S.C. §
26 | 2244(d).

27 | IT IS ORDERED that no later than **August 8, 2014**, any party to
28 | this action may file written objections with the Court and serve a copy on

1 | all parties. The document should be captioned "Objections to Report and
2 | Recommendation."
3 |     IT IS FURTHER ORDERED that any reply to the objections shall
4 | be filed with the Court and served on all parties no later than **August**
5 | **18, 2014**. The parties are advised that failure to file objections within
6 | the specified time may waive the right to raise those objections on appeal
7 | of the Court's order.
8 |     IT IS SO ORDERED.
9 | DATED: July 21, 2014

*[signature]*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge