# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALBERTO ALATORRE, | CASE NO. 13-CV-1622 JLS (MDD) |
|---|---|
| Petitioner, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING RESPONDENT'S MOTION TO DISMISS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY** |
| vs. | |
| WARDEN FIGAROA, Tallahatchie County Correctional Facility, Tutwiler, Mississippi, | (ECF Nos. 15, 30) |
| Respondent. | |

Presently before the Court is Respondent Warden Figaroa's ("Respondent") motion to dismiss Petitioner Alberto Alatorre's ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 15.) Also before the Court is Magistrate Judge Mitchell D. Dembin's report and recommendation ("R&R") advising the Court to grant Respondent's motion to dismiss. (ECF No. 30.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, the parties have failed to timely file objections to Magistrate Judge Dembin's R&R. Having reviewed the R&R, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** Magistrate Judge Dembin's R&R and **GRANTS** Respondent's motion to dismiss the Petition.

The Court is also obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a petition is dismissed on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability

> should issue if the prisoner can show: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."

*Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because both of these components are necessary to obtain a certificate of appealability, the U.S. Supreme Court has encouraged district courts to address the procedural prong first. *See Slack*, 529 U.S. at 485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir.2001).

Here, jurists of reason would not find this Court's procedural ruling debatable. Petitioner's Petition was admittedly untimely, and Petitioner failed to allege extraordinary external circumstances entitling him to equitable tolling. A reasonably diligent petitioner would have filed his petition before the statute of limitations had run and then sought to amend his petition once he received the evidence sought. In light of the facts alleged, no reasonable jurist would find this Court's dismissal of

1 Petitioner's Petition as time-barred debatable. Accordingly, the Court **DENIES** a
2 certificate of appealability.

### CONCLUSION

In light of the foregoing, the Court (1) **ADOPTS** Magistrate Judge Dembin's R&R in its entirety, and (2) **GRANTS** Respondent's motion to dismiss. The Court **DISMISSES** the Petition **WITH PREJUDICE** because, in light of the Court's determination that the Petition is time-barred, amendment of the Petition would be futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

The Court also **DENIES** Petitioner a Certificate of Appealability. This Order concludes the litigation in this matter. The Clerk of the Court shall close the file.

**IT IS SO ORDERED**.

DATED: August 11, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge